RICE (KANE v.).   See Case No. 7,609.

RICE (LEGER v.).   See Case No. 8,210.

## Case No. 11,753.

### RICE v. MONTGOMERY et al.

[4 Biss. 75.] [1]

Circuit Court, D. Indiana.   May Term, 1866.

FACTORS—PURCHASE FOR PRINCIPAL—DEFAULT—PLACE OF DELIVERY—REASONABLE TIME—QUANTUM MERUIT.

1. Where a factor agreed with his principal to purchase for him fifty thousand bushels of wheat, in consideration that the latter would immediately forward to him by express ten thousand dollars, and the residue to pay for such purchase in four or five days, and where the principal wholly failed to forward the money, though the factor had immediately purchased twenty thousand bushels of the wheat: Held, that the factor was under no obligation to purchase the residue of the fifty thousand bushels.

[Cited in Burke v. Partridge, 58 N. H. '351.]

2. In the absence of any special agreement touching the place of delivery of wheat to be purchased by a commission merchant for his principal, the law will presume the place where the commission merchant does business to be the proper place of delivery.

3. What is a reasonable time to send money by express from Muncie, Indiana, to Chicago, Illinois, is a question of fact for a jury. And if a declaration avers that three days are reasonable time, it is not subject to demurrer on that account.

4. An averment that the defendant promised to pay the plaintiff reasonable commission as a factor, ought to be followed by an allegation of the reasonable value of such commission.

[This was an action at law by Charles H. Rice against James Montgomery and others for the nonperformance of a contract. Heard on demurrer.]

George Gardner, for plaintiffs.
S. C. Sample, for defendants.

McDONALD, District Judge. This is an action of assumpsit. To the first and second counts of the declaration, special demurrers have been filed. Every point made by them, however, if valid at all, would be reached by general demurrer. The special causes are mostly mere arguments and citations of authorities, things unusual and improper in demurrers.

The counts demurred to charge that the plaintiffs were commission merchants in Chicago, Illinois; that, in consideration that they would purchase for the defendants a large quantity of wheat, the defendants would, as soon as the same could be done, send to the plaintiffs from Muncie, Indiana, ten thousand dollars by express, to apply on such purchase, and pay the plaintiffs such balances of money as might be necessary to reimburse them for as much over the ten thousand dollars as the wheat might cost, within four or five days thereafter, and to pay also to the plaintiffs their reasonable charges and commissions for their services in the transaction; that, in pursuance of this arrangement, the plaintiffs immediately pur-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

chased for the defendants twenty thousand bushels of wheat, and were ready, willing and able to purchase as much more as would be necessary to fill the contract; but that the defendants failed to forward the ten thousand dollars within the time specified, and refused to accept the wheat already purchased for them, and have not paid anything on the contract.

This is substantially the case presented in both the counts, and they only differ in this, that the first count charges that the plaintiffs were to purchase for the defendants fifty thousand bushels of wheat, and the second avers that they were to purchase a quantity not exceeding fifty thousand bushels; and in this, that the first count does not expressly aver at what place the wheat was to be delivered, and the second count alleges that it was to be delivered at Chicago.

1. It is objected to the first count, that it is not stated that the plaintiffs purchased more than twenty thousand bushels of wheat for the defendants, whereas they ought to have purchased fifty thousand. This objection might be well taken if the case were a mere sale of wheat. But it is a case of agency, and not of sale. By the agreement the purchase of fifty thousand bushels was not a condition precedent. According to the count, the plaintiffs were not bound to purchase any wheat till the ten thousand dollars were sent them. This was the condition precedent in the case, and though they did purchase the twenty thousand bushels, they certainly were not bound to buy any more till they received that sum. By failing to forward it the defendants first violated the contract, and the plaintiff's were bound to go no further in its performance.

2. It is further objected to the first count that it does not state where the wheat was to be delivered. The count has no express averment on this point. It does, however, show that the plaintiffs were commission merchants, doing business at Chicago. And this we think sufficiently shows that the wheat was delivered there.

3. It is averred in these counts, that three days, one of which was Sunday, were a sufficiently long period for the defendants to have forwarded the ten thousand dollars to Chicago. The defendants insist that it was not a reasonable time; and that as courts officially take notice of geographical distances, this averment is defective as matter of law. We think courts must, ex officio, take notice of the distances between well-known geographical points in the United States. But we suppose we can not officially take notice how long it might take an express company to carry ten thousand dollars from Muncie to Chicago. The declaration avers that three days was a sufficient time. Whether this averment is true, is a question of fact for the jury, not of law for the court.

4. As to so much of the contract as may entitle the plaintiffs to pay for their costs and commissions for their services mentioned in these counts, we think the objection to this part of them is well taken. Clearly, the declaration ought to have averred, as in the quantum meruit counts, what these services were reasonably worth. It is averred that the defendants promised to pay the plaintiffs their "reasonable costs, charges, and commissions" relating to the contract; but failing to state the value of these, the averment is insufficient; and there can be no recovery under it in its present form.

But as each of these counts charges in good form a breach of the contract to forward the ten thousand dollars, and to pay balances due on the purchase of the wheat over and above that sum, we cannot sustain the demurrers merely on the ground that the averments touching the commissions, &c., are defective. These we must regard as mere surplusage.

The demurrers are overruled.

NOTE. For a lucid discussion of what are conditions dependent and independent, see 2 Pars. Cont. 529, note r.

That it is necessary in pleading quantum meruit and quantum valebat counts, to aver what services or materials were reasonably worth, see 1 Chit. Pl. 34.